UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Criminal Case No. 99-80408
       Civil Case No. 02-75014
       Hon. John Corbett O'Meara

IVORY REGINALD PITTS, JR.,

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR CERTIFICATE OF APPEALABILITY

On January 19, 2001, Defendant Ivory Reginald Pitts, Jr. pled guilty to one count of distributing 46.7 grams of crack cocaine. The court sentenced Pitts to a term of 108 months of imprisonment and four years of supervised release. The Sixth Circuit affirmed Pitts's conviction and sentence on March 28, 2002. On December 18, 2002, Pitts filed a petition under 28 U.S.C. § 2255 to have his sentence set aside or vacated, claiming ineffective assistance of counsel and a violation of his Sixth Amendment right to a jury trial. The court denied the claims in orders dated April 10, 2003 and June 3, 2003. On August 9, 2004, Pitts filed a motion under Federal Rule of Civil Procedure 60(b), again claiming his constitutional right to a jury trial was violated. The court denied this motion in an order dated March 7, 2005. Pitts filed a notice of appeal on April 5, 2005. On April 27, 2005, Pitts filed a motion in this court requesting a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1).

A certificate of appealability should issue if the applicant makes substantial showing of the denial of a constitutional right. Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). The Supreme Court has interpreted this standard to require that the "petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. The court finds nothing debatable or wrong regarding the previous decisions regarding to Pitts's § 2255 petition or his motion under Federal Rule of Civil Procedure 60(b). Pitts is also apparently attempting to make additional claims of ineffective assistance of counsel in his appeal, but a party can only appeal arguments first made to the trial court. To the extent that Pitts is making new arguments on appeal, they would not be procedurally allowed.

    Accordingly, Defendant's Motion for a Certificate of Appealability is **DENIED**.


          s/John Corbett O'Meara
          John Corbett O'Meara
          United States District Judge


Dated: August 18, 2005